```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARK SUSSMAN, STEFANI LOMBARDI, and
TERANCE BRIGHT,

                        Plaintiff,               16-cv-7659 (PKC)

        -against-                                 OPINION
                                                 AND ORDER
NEWSPAPER AND MAIL DELIVERERS'
UNION OF NEW YORK AND VICINITY,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Defendant Newspaper and Mail Deliverers' Union of New York and Vicinity ("NDMU") moves to reconsider this Court's February 10, 2020 Memorandum and Order, (Doc. 84), denying NDMU's motion for summary judgment. (Doc 91). NMDU now characterizes plaintiffs' claim as a "hybrid § 301/duty of fair representation claim," and asserts that there can be no claim against the union unless there was an underlying breach of the collective bargaining agreement by the employer. (Docs. 92, 99). But the remaining claims of plaintiffs arise from the alleged failure of NDMU to fairly represent them in the negotiation of a contract extension that perpetuated a discriminatory seniority system. NDMU's motion to reconsider proceeds from a flawed premise and will be denied. Familiarity with this Court's Memorandum and Order of February 22, 2018 denying NMDU's motion to dismiss, (Doc. 45), as well as its February 10, 2020 Memorandum and Order is assumed.

BACKGROUND

Plaintiffs are part-time employees of NYP Holdings, Inc., ("NYP"), owner of the New York Post, who drive delivery trucks. Plaintiffs are not members of the NMDU and, indeed,

are prohibited from becoming members.  The terms of their employment with NYP are governed by a collective bargaining agreement ("CBA") negotiated on their behalf by the NDMU.

NYP offered a financially advantageous buy-out agreement but, by operation of a so-called Extension Agreement and the pre-existing seniority system, plaintiffs were ineligible for the buyout.  Plaintiffs claim that NMDU breached its duty of fair representation by acting in bad faith and arbitrarily in negotiating an Extension Agreement that perpetuated a seniority system that discriminated against them and, at the summary judgment stage, the Court concluded that a reasonable jury could find in their favor, stating:

> Based on this evidence, a reasonable fact finder could conclude that NMDU acted arbitrarily and in bad faith during the negotiation and execution of the Extension Agreement because NMDU knew this agreement would perpetuate a discriminatory seniority system.  A reasonable fact finder could also conclude that NMDU's actions were intentional or were so far outside the range of reasonableness or so far short of the minimum standards of fairness to the plaintiff-employees as to be arbitrary.

(Doc. 84 at 6).

DISCUSSION

I.   Legal Standard for a Motion to Reconsider.

NMDU moves for reconsideration pursuant to Rule 54(b), Fed. R. Civ. P.  Under Rule 54(b), the Court has the "authority . . . to reconsider a prior decision at any time before the entry of final judgment."  Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997) (citing Dictograph Prods. Co. v. Sonotone Corp., 230 F.2d 131, 134–35 (2d Cir. 1956)). However, "requests for relief under Rule 54(b) must be made within the time period specified in Local Civil Rule 6.3 unless 'justice so requires' a deviation."  Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04-cv-3531 (LTS) (SLC), 2020 WL 3056450, at *4 (S.D.N.Y.

June 9, 2020) (quoting Clinton v. Brown & Williamson Holdings, Inc., 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009)).

Local Civil Rule 6.3 requires that a motion to reconsider or rehear "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  The summary judgment decision was filed on February 10, 2020, (Doc. 84), yet the motion to reconsider was not filed until March 31, 2020, (Doc. 91), 36 days after the expiration of the 14 day-time limit.

While "Local Rule 6.3 limits the time to file a motion for reconsideration to 'fourteen (14) days after the entry of the Court's determination of the original motion,' courts do not consider such motions untimely where newly-discovered evidence is the purported basis for reconsideration." Cunningham v. Cornell Univ., No. 16-cv-6525 (PKC), 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (citing Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001)).  But NMDU's motion to reconsider is not premised on new evidence but on the presentation of new legal argument.  The Court concludes that NMDU's motion for reconsideration is untimely and should be denied for that reason.

The Court will nevertheless consider the merits of NMDU's motion.  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Accordingly, a motion for reconsideration "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Cunningham, 2020 WL 1165778, at *1 (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,

956 F.2d 1245, 1255 (2d Cir. 1992)).  It is not "an opportunity for making new arguments that could have been previously advanced."  Assoc. Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

II.   Plaintiffs' Claim that NMDU Breached the Duty of Fair Representation in the Negotiation of the Extension Agreement Is Not a Hybrid Claim.

Recourse is available for an employee "when a union breaches its duty of fair representation in a grievance or arbitration proceeding."  Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000).  An action in which an employee alleges "that the employer breached a collective bargaining agreement and . . . that the union breached its duty of fair representation in redressing her grievance against the employer" is known as "a hybrid § 301/[duty of] fair representation claim."  White v. White Rose Food, a Div. of DiGiorgio Corp., 128 F.3d 110, 113 (2d Cir. 1997); Carrion, 227 F.3d at 33.  A hybrid action is, therefore, comprised of two causes of action.  Reed v. United Transp. Union, 488 U.S. 319, 328 (1989).  First, the employee must allege "that the employer violated § 301 of the Labor Management Relations Act by breaching the collective-bargaining agreement."  Id. (internal citation omitted).  Second, the employee must assert "that the union breached its duty of fair representation, which [the Supreme] Court has implied from the scheme of the NLRA, by mishandling the ensuing grievance-and-arbitration proceedings."  Id.  In a hybrid suit, the claims against the employer and the union are thus "inextricably interdependent."  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983).  Indeed, "the case to be proved is the same against both" the employer and the union, and "the nature of the claim, not the identity of the parties," is what makes a case a hybrid action against the employer and the union.  McKee v. Transco Prods., Inc., 874 F.2d 83, 86 (2d Cir. 1989).

But in the Second Amended Complaint, the operative pleading, plaintiffs alleged two claims against NYP and two claims against NMDU:

> They allege that NYP has discriminated against them in violation of section 8(a) of the NLRA, 29 U.S.C. § 158(a), and that NYP breached the CBA by awarding buyouts to persons with less seniority than plaintiffs. (SAC ¶¶ 51–53, 64). They allege that NMDU discriminated against them in violation of section 8(b) of the NLRA, 29 U.S.C. § 158(b), and that NMDU breached its duty of fair representation "[b]y negotiating the Extension Agreement and failing to address the transparent breach of the CBA." (SAC ¶¶ 54–62).

(Doc. 45 at 3–4). The Court concluded that NYP had not breached any agreement with NMDU by failing to offer a buyout to these plaintiffs. (Id. at 11).[1] It also concluded that the section 8 claims against both the NYP and NMDU should be dismissed for reasons that are not germane to the present motion. (Id. at 18).

Plaintiffs' breach of the duty of fair representation claim survived the motion to dismiss to the extent they alleged that NMDU breached its duty in the negotiation and execution of the Extension Agreement, including the failure to correct past inequities in the seniority system. (Id. at 11–14 (citing Haerum v. Air Line Pilots Ass'n, 892 F.2d 217, 217 (2d Cir. 1989)). As the Court wrote: "The duty of fair representation requires unions 'to represent fairly all employees subject to the collective bargaining agreement,' and it extends 'to all union activity.'" (Id. at 13 (first quoting Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) and then quoting Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991)). Unlike a hybrid claim that a union arbitrarily failed to properly pursue a grievance against the employer under a CBA, plaintiffs' claim is that the NMDU owed them a duty to act fairly towards them in the negotiations

---

[1] The Court also reached certain alternative arguments supporting dismissal of NYP.

with the employer but did not do so. For this type of a claim, it is not necessary for the plaintiff to establish a breach by the employer as a precondition to the union's liability.

CONCLUSION

While styled as a motion to reconsider the Court's summary judgment decision, it advances legal arguments that were neither raised in NMDU's motion to dismiss nor its motion for summary judgment. For all of the above reasons, NMDU's belated motion for reconsideration, (Doc. 91), is DENIED. The Court adheres to the Memorandum and Order of February 10, 2020 in its entirety. (Doc. 84).

SO ORDERED.

                                                    P. Kevin Castel
                                                United States District Judge

Dated: New York, New York
        July 27, 2020